## W. G. TEMPLETON v. H. C. SUMMERS.

Where- a plaintiff purchases an outstanding incumbrance for $30, for the purpose of perfecting his title to a lot of land purchased of the defendant, and then sues defendant for a breach of contract in not delivering to him a perfect deed, as he promised to do: *Held*, that the sum demanded for the breach of contract being under $200, the exclusive-jurisdiction of the case was in a Justice of the Peace.

This was a CIVIL ACTION, tried before *Mitchell, J.,* at the Fall Term, 1873, of IREDELL Superior Court.

Under the instructions of his Honor, objected to by the defendant, the jury returned a verdict for the plaintiff; and a new trial being refused the defendant appealed.

The opinion of the Court contains all the facts necessary to an understanding of the points raised and decided.

*Armfield, Furches* and *Collins,* for appellant.
*Caldwell, Batchelor* and *McCorkle & Bailey,* contra.

BYNUM, J. The plaintiff purchased two lots of land from the defendant, numbered 3 and 4, who executed and delivered to the plaintiff separate deeds for each lot. About lot No. 4 there is no controversy, but the plaintiff alleges that when he accepted the deed for lot No. 3, although it was a deed regular and valid in form and substance, it was with the promise on the part of the defendant that he would afterwards make or procure to be made another and better deed, including some outstanding encumbrance upon it. That with this understanding he accepted the deed as a bond for title and paid the whole purchase money of lot No. 4 and a part due on lot No. 3, and gave his note for $45, the balance of the purchase money. The defendant afterwards refused to execute any other deed or to procure the conveyance of the outstanding incumbrance and sued the plaintiff on his note and recovered judgment.

The complaint prays for a specific performance on the pay

ment of the judgment, or in case that cannot be, then for the repayment of the sum paid on lot No. 3. The complaint admits that no specific performance can be had, because, in fact, the plaintiff himself had completed the title to lot No. 3 by purchasing the incumbrance for the sum of thirty dollars, and the sum he demands for the non-performance of the contract is less than one hundred dollars.

On the trial the jury, under the instructions of the Court that if they found for the plaintiff he could only recover the sum paid by him to get in the good title, rendered a verdict for $30 and interest.

The defendant excepted, 1st, to the jurisdiction of the Court; 2d. that the promise, if made, was touching the conveyance of lands and was void under the statute of frauds, not being in writing, and 3d. that having accepted a deed for lot No. 3, he must rely upon the covenants therein contained for any breach growing out of the purchase of the lots.

It is unnecessary to examine the two last exceptions, as the first one is fatal to the action. The plaintiff having bought in the outstanding title, the only matter in dispute; the action in point of fact, was instituted to recover the sum of thirty dollars, which the plaintiff had to pay in consequence of the alleged breach of contract.

The sum demanded for the breach of contract being less than $200, the exclusive jurisdiction was in the Justice of the Peace. Art. 4, sec. 33, Const.

There is error.

PER CURIAM. Judgment reversed and action dismissed.